IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KAYLA WALKER, individually;
JAKOBI WALKER, a minor, by and
through Kayla Walker, as
guardian and natural mother of
Jakobi Walker;
LEVINSKI HARRIS, JR., a minor,
by and through Kayla Walker, as
guardian and natural mother of
Levinski Harris, Jr.;
FRANK SCOTT; BARBARA WILLIAMS,
individually; KENDRICK WILLIAMS,
a minor, by and through Barbara
Williams, as guardian and natural
mother of Kendrick Williams;
SHARLENE WILLIAMS, a minor, by
and through Barbara Williams, as
guardian and natural mother of
Sharlene Williams                                             PLAINTIFFS

VERSUS                             CIVIL ACTION NO. 5:06cv17-DCB-JMR

COOPER TIRE & RUBBER COMPANY
and LEVINSKI A. HARRIS                                        DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter comes before the court on the plaintiffs' Motion to Remand [**docket entry no. 24**].  Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds and orders as follows:

### FACTS & PROCEDURAL HISTORY

On April 5, 2004, Levinski Harris was driving his van on Highway 61 in Jefferson County, Mississippi when his left rear tire suddenly blew out.  The van veered to the right, hit the ditch, and rolled over.  The tire was manufactured by Cooper Tire and Rubber

Company.  The passengers riding with Harris were Kayla Walker (Harris's live-in girlfriend), Levinski Harris, Jr. (Walker'S unborn child), Jakobi Walker (Kayla Walker's son), Frank Scott (Kayla Walker's uncle), Barbara Williams (Scott's girlfriend of twenty-six years), Kendrick Williams (Barbara Williams's son), and Sharlene Williams (Barbara Williams's daughter).  The seven passengers (collectively referred to as "Plaintiffs") filed suit against both Cooper Tire and Harris in the Circuit Court of Jefferson County, Mississippi.  Plaintiffs seek recovery for past and future medical expenses, lost wages, pain and suffering, mental anguish, and punitive damages. Plaintiffs base their claims against Harris on a negligence theory and against Cooper Tire pursuant to Mississippi's Products Liability Act ("MPLA").  In addition, Harris has filed a cross-claim premised on the MPLA against Cooper Tire seeking both compensatory and punitive damages.

     On February 7, 2006, Cooper Tire removed this action on the basis of diversity jurisdiction.  While Cooper Tire is a Delaware corporation with its principal place of business in Ohio, its co-defendant, Harris, is a Mississippi resident.  The plaintiffs are all Mississippi residents.  Cooper Tire maintains that Harris was improperly joined for the sole purpose of defeating diversity jurisdiction.  In the alternative, Cooper Tire argues that Harris should be realigned as a plaintiff due to his relationship with Kayla Walker and Harris, Jr. and the fact that Harris is cross-

-2-

claiming Cooper Tire.

## **DISCUSSION**

Federal district courts are courts of limited jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction is properly invoked where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" For diversity jurisdiction to exist, there must be complete diversity among the opposing parties. See Strawbridge v. Curtiss, 3 Cranch 267, 2 L. Ed. 435 (1806). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1982).  The removing defendant bears the burden of establishing federal subject matter jurisdiction.  See Jernigan v. Ashland Oil Co., 989 F.2d 812, 815 (5th Cir. 1993).  With the exception of an improperly joined co-defendant, all defendants must join together in the notice of removal.  See Henry v. Indep. Am. Sav. Ass'n, 857 F.2d 995, 999 (5th Cir. 1988).

**I.  Cooper Tire Has Failed to Prove that Harris was Improperly Joined**

The removing party bears the burden of establishing that the non-diverse defendant was fraudulently or improperly joined. Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990). When deciding the question of improper joinder, the Court must view

"all disputed questions of fact and all ambiguities in the controlling state law . . . in favor of the nonremoving party." Id. Travis v. Irby, 326 F.3d 644 (5th Cir. 2003), instructs that a district court may "pierce the pleadings" and consider summary-judgment type evidence to determine whether a party has been improperly joined. Ultimately, "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." Travis, 326 F.3d at 649.

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2004). Under Smallwood's second prong, the Court should ordinarily employ a "Rule 12(b)(6)-type analysis," but "a summary inquiry is appropriate . . . to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d at 573-74. For the removing party to sustain it's burden of proving improper joinder, it must show "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. at 573.

Cooper Tire argues that the plaintiffs have failed to state a cognizable claim of negligence against Harris. The corporate

defendant claims that the negligence allegations against Harris cannot survive Rule 12(b)(6) scrutiny because the plaintiffs failed to allege specific facts in their amended complaint "describing how any breach [of Harris's duty to his passengers] occurred." (Mem. Opp. M. Remand 16.)  Although the Court will not "strain to find inferences in favor of the plaintiffs," Westfall v. Miller, 77 F.3d 868, 870 (5th Cir. 1996), the Court is nevertheless bound to construe the complaint in the light most favorable to the plaintiff and consider all alleged facts as true.  See Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005).

In their amended complaint, Plaintiffs allege that Harris was driving a van with the plaintiffs as passengers, the rear tire suffered a blowout, the van left the road, and the plaintiffs were injured.  (Am. Compl. 3.)  The plaintiffs then aver, "The injuries sustained by the Plaintiffs were directly and proximately caused by the defective tire designed, manufactured, sold, and placed in the stream of commerce by Cooper Tire and Rubber Co." Id.  Then, later in the complaint, after listing a litany of non-delegable duties owed by Harris to the plaintiffs, Plaintiffs allege, "The foregoing breaches of duty by the defendant, LEVINSKY A. HARRIS, were a proximate and producing cause of the crash resulting in injuries and damages to the Plaintiffs."  (Am. Compl. 6.)

Except in specific circumstances, the Federal Rules of Civil Procedure generally require only notice pleading.  See Fed. R. Civ.

P. 8, 9(b).  Rule 8 indicates, and ample case law has held, that notice pleading is a liberal standard.  <u>See</u> <u>Mack v. City of Abilene</u>, --- F.3d ---, 2006 WL 22361694, at *7 (5th Cir. August 16, 2006); <u>see also</u> <u>Lovick v. Ritemoney, Ltd.</u>, 378 F.3d 433, 438 (5th Cir. 2004) ("Rule 8(a) does not require pleading specific facts in support of each element of plaintiff's prima facie case[.]").  The objective of Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993), <u>quoted</u> <u>in</u> <u>Mack</u>, 2006 WL 22361694, at *7.  It is through discovery that parties have the opportunity to elaborate on their (and the opposing party's) claims; not the pleadings.  <u>Swierkiewics v. Sorema N.A.</u>, 534 U.S. 506, 512-13 (2002) (Thomas, J. for unanimous Court).

    This "simplified" notice pleading standard has been a bedrock principle of pleading since the Supreme Court's opinion in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).  "[P]leadings need not state with precision all of the elements that are necessary to give rise to a legal basis for recovery as long as notice of the nature of the action is provided to the opposing party."  W<small>RIGHT</small> & M<small>ILLER</small>, F<small>EDERAL</small> P<small>RACTICE</small> & P<small>ROCEDURE</small>: C<small>IVIL</small> 3<small>D</small> § 1216, <u>citing</u> <u>Swierkiewics v. Sorema N.A.</u>, 534 U.S. 506, 512-13 (2002).  In light of the foregoing, the plaintiffs have properly alleged a claim of negligence against Harris.

Moreover, in Cooper Tire's answer to Walker's complaint, it states, **"THIRTEENTH DEFENSE** . . . Defendant Levinski A. Harris was negligent, and his negligence proximately caused or contributed to the accident and to Plaintiffs' injuries and damages." (Cooper Tire's Answer, 3.) In its answer, Cooper Tire expressly alleges that Harris was negligent. And yet in its opposition to remand, Cooper Tire argues "that there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against [the] in-state defendant." Smallwood, 385 F.3d at 573-74. These positions are irreconcilable. If, as Cooper Tire alleges, Harris was negligent, the plaintiffs do have a reasonable basis for recovery against Harris.

The plaintiffs have a reasonable basis for recovery against Harris in state court[1]; thus, Harris was not improperly joined.

## II. Cooper Tire's Argument that Harris Should be Realigned as a Plaintiff is Without Merit

Cooper Tire claims that Harris, who has cross-claimed against Cooper Tire, should be realigned "with his family" as a plaintiff. If Harris was realigned as a plaintiff, complete diversity of

---

[1]If the plaintiffs failed to sue Harris in their suit against Cooper Tire, the plaintiffs' recovery would nevertheless be reduced by the percentage of fault attributable to Harris. See Miss. Code Ann. § 85-5-7; Estate of Hunter v. Gen. Motors Corp., 729 So. 2d 1264 (Miss. 1999). Therefore, assuming Harris was negligent, the plaintiffs could only be made whole by joining him as a defendant in this suit.

citizenship would exist and the Court would have jurisdiction over this matter.  Plaintiffs argue that realignment of a tortfeasor is improper where the plaintiffs have made a bona fide claim against the tortfeasor.  The Court finds Plaintiffs' argument persuasive.

The Court's power to realign litigants is an exception to the general rule that diversity of citizenship jurisdiction is determined at the time the complaint is filed.  See Zurn Indus., Inc. v. Acton Construction Co., 847 F.2d 234, 236 (5th Cir. 1988). District courts have an affirmative duty to determine whether there is a true "collision of interests" between opposing parties.  The purpose of such an inquiry is to "insure that there is a bona fide dispute between citizens of different states."  Zurn Indus., 847 F.2d at 237.  To do this, the Court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute."  City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1957).  Whether an actual controversy exists between the parties is determined by "the primary and controlling matter in dispute."  See Zurn Indus., 847 F.3d at 237.  This inquiry is made in reference to the plaintiffs' purpose for filing the suit.  Id. Cross-claims and counterclaims are irrelevant to the Court's analysis of "the primary and controlling matter in dispute."[2]  Id.

---

[2]The Zurn court stated,

> The determination of the "primary and controlling matter in dispute" does not include the cross-claims and counterclaims filed by the defendants.  Instead, it is to

Here, the plaintiffs' primary purpose is to seek redress for injuries suffered in a single-car accident. Cooper Tire cites many cases in its Memorandum of Authorities where courts realigned parties and retained jurisdiction; however, none of these opinions are on point. For instance, in Jackson HMA, Inc. v. St. Paul Fire & Marine Ins. Co., 246 F. Supp. 2d 535 (S.D. Miss. 2003), the district court realigned three defendants as plaintiffs and denied the moving plaintiff's motion to remand. In Jackson HMA, Jackson HMA and River Oaks Hospital, two medical service providers, were sued by three separate individuals involving three different claims of medical malpractice and wrongful death. Jackson HMA, 246 F. Supp. 2d at 536. St. Paul, the hospitals' malpractice insurance provider, denied coverage on each of these three individual lawsuits. Id. Jackson HMA then filed a complaint in state court naming St. Paul and the three individuals as defendants. Id. Jackson HMA's suit, which was removed by St. Paul, sought a

---

  be determined by the plaintiff's principal purpose for filing suit. In complex litigation like this case, with its various claims flying back and forth, there are two distinct steps in the jurisdiction determination. First, the court examines the primary or original purpose for filing the suit. If the parties are not realigned on that claim, and there is no showing that the claim was a sham simply asserted for federal jurisdiction, subject matter jurisdiction exists. At that point, the various other claims may be examined to determine if they are properly in the court's ancillary jurisdiction or have an independent basis for federal jurisdiction.

Zurn Indus., 847 F.2d at 237.

declaration that the St. Paul insurance policy covered the three individuals' malpractice claims against Jackson HMA. <u>Id.</u>  In a well reasoned opinion, Judge Barbour found,

> Both the individual Defendants on the one hand, and Jackson HMA and River Oaks on the other hand, will benefit if St. Paul is found liable for coverage of the [individual] claims . . . .  The Court therefore finds that there is not an actual or substantial controversy between individual Defendants on one hand, and Jackson HMA and River Oaks on the other hand, at least in the context of the Declaratory Judgment action.  As such, the individual Defendants should be realigned as Plaintiffs.

<u>Jackson HMA</u>, 246 F. Supp. 2d at 538.

Clearly, <u>Jackson HMA</u> is inapplicable to the case at bar since here there is a substantial controversy between the individual defendant and the plaintiffs.  Plaintiffs have sued Harris for negligently operating a motor vehicle and causing them physical and emotional injuries.  No evidence has been presented indicating that this claim is a sham or a collusive act with the purpose of preventing the invocation of federal jurisdiction.  In <u>Jackson HMA</u>, the plaintiffs and individual defendants had identical interests, i.e., that St. Paul's policy cover the individuals' claims against Jackson HMA.  Here, on the other hand, Plaintiffs seek to hold Harris liable for their injuries while Harris fights liability. These interests are wholly inconsistent.  As previously mentioned, the controlling inquiry is whether there is a <u>bona</u> <u>fide</u> dispute between Harris and the plaintiffs; it is immaterial at this juncture that Harris filed a cross-claim against Cooper Tire.

Roblez v. Ramos, is directly on point with the current facts before the Court.  In Roblez, Richard and Samantha Roblez, a father and daughter, sued Lydia Ramos, their wife and mother and the driver, in Texas state court along with the manufacturer of an infant car seat for injuries sustained in a car crash. Roblez v. Ramos, 2001 WL 896942, at *1 (S.D. Tex. Aug. 1, 2001).  The infant seat manufacturer sought to have Lydia Ramos aligned with her husband and child as a plaintiff, thus creating diversity jurisdiction.  Id. at *3.  The court, although noting that the claim against the mother was extremely small when compared to the claim against the seat manufacturer, applied Zurn Industries and refused to realign the parties.  Id.  The court reasoned that the size of the various claims was irrelevant when ruling on a motion to realign; instead, the court held that the inquiry rested on whether a bona fide dispute existed between Roblez and Ramos.  Id. Accordingly, the court denied the motion to realign.  Id. at *4.

Similarly, the Court finds that Plaintiffs have alleged a valid claim of negligence against Harris.  As such, a bona fide dispute exists between them.  It would therefore be improper for the Court to realign the parties in this case.

## CONCLUSION

Cooper Tire's improper joinder claim fails because the plaintiffs have established a reasonable basis for recovery against Harris.  Furthermore, Cooper Tire's motion in the alternative to

realign the parties fails because there is a <u>bona fide</u> dispute between the plaintiffs and Harris.  Accordingly,

IT IS HEREBY ORDERED, that the plaintiff's Motion to Remand [**docket entry no. 24**] is **GRANTED** in that the Court lacks subject matter jurisdiction over this action; therefore, this action shall be remanded to the state court from whence it came.  A final order of remand shall be entered remanding this case to the Circuit Court of Jefferson County, Mississippi.

SO ORDERED, this the 16th day of October, 2006.


                                    <u>S/DAVID BRAMLETTE          </u>
                                    UNITED STATES DISTRICT JUDGE